**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ROBERT W. TATE,

    Plaintiff,                              CASE NO. 09-CV-12234

v.                                          JUDGE PAUL D. BORMAN
                                           UNITED STATES DISTRICT COURT
HON. LEONARD TOWNSEND, et. al.,

    Defendants.
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

**I.**       **INTRODUCTION**

Plaintiff Robert W. Tate, a state inmate, currently confined at the Thumb Correctional Facility in Lapeer, Michigan, filed a *pro se* civil rights complaint, pursuant to 42 U.S.C. § 1983. In his *pro se* pleadings, Plaintiff alleges that Defendants, The Honorable Leonard Townsend, Cathy M. Garrett, Wayne County Clerk, David R. Cripps, appointed counsel on his appeal of right, Laura Cook, Assistant Attorney General, and Wylene Abdullah, Court Reporter, purposefully withheld the transcripts from his *Walker*[1] hearing in an attempt to deny him a fair and full appellate review, thereby violating his Fourteenth Amendment rights under both the federal and state Constitutions. Plaintiff is requesting that the Court remand his case for a jury trial, and he is seeking monetary damages. Having reviewed Plaintiff's complaint, the Court will dismiss it on the basis of judicial, prosecutorial, and quasi-judicial immunity, and for failure to state a claim upon which relief may be granted. The Court also finds that an appeal cannot be taken in good faith.

---

[1]*People v. Walker (On Reh'g)*, 374 Mich. 331, 132 N.W.2d 87 (1965).

**II.     DISCUSSION**

    **A.     Standard of Review**

Plaintiff has been allowed to proceed without prepayment of fees [dkt. # 3].  See 28 § U.S.C. 1915(a); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997).  However, 28 U.S.C. §1915(e)(2) states:

> (2)  Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal–
>     (i) is frivolous or malicious;
>     (ii) fails to state a claim on which relief may be granted; or
>     (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  *See* 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(a) and (e)(2).  A complaint is frivolous if it lacks an arguable basis either in law or in fact.  *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).

    **B.     Judicial Claim–Against Judge Leonard Townsend**

The Court finds that Defendant Wayne County Circuit Court Judge Leonard Townsend is entitled to absolute immunity in this case.  Judges and judicial employees are entitled to absolute judicial immunity on claims for damages.  *See Mireles v Waco*, 502 U.S. 9, 9-10 (1991) (*per curiam*)

(judge performing judicial functions is absolutely immune from suit seeking monetary damages even if acting erroneously, corruptly or in excess of jurisdiction); *Collyer v. Darling*, 98 F.3d 211, 221 (6th Cir. 1996) (citing *Mireles*, 502 U.S. at 9); *see also Kipen v. Lawson*, 57 Fed.App'x. 691 (6th Cir. 2003) (discussing federal judges' immunity); *Kircher v. City of Ypsilanti*, 458 F.Supp. 2d 439, 446-47 (E.D. Mich. 2006) (judges are entitled to absolute judicial immunity).

The Sixth Circuit has described the immunity from suit enjoyed by judges as follows:

> "[J]udges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 351, 20 L.Ed. 646 (1872). This immunity applies to actions brought under 42 U.S.C. § 1983 to recover for alleged deprivation of civil rights. *See Pierson v. Ray*, 386 U.S. 547, 554-55, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967). The Supreme Court explained: "If judges were personally liable for erroneous decisions, the resulting avalanche of suits, most of them frivolous but vexatious, would provide powerful incentives for judges to avoid rendering decisions likely to provoke such suits. The resulting timidity would be hard to detect or control, and it would manifestly detract from independent and impartial adjudication . . . . Most judicial mistakes or wrongs are open to correction through ordinary mechanisms of review, which are largely free of the harmful side-effects inevitably associated with exposing judges to personal liability." *Forrester v. White*, 484 U.S. 219, 226-27, 108 S.Ct. 538, 98 L.Ed.2d 555 (1988).

*Stern v. Mascio*, 262 F.3d 600, 606 (6th Cir. 2001).

Plaintiff's challenge to the proceedings involve the performance of judicial duties by Defendant Judge Townsend. For the reasons stated, Defendant Judge Townsend is absolutely immune from suit for such conduct and the claim against him must be dismissed on that basis.

**C.     Claims Against Assistant Attorney General Laura A. Cook; Court Reporter**

**Wylene Abdullah**; **and County Clerk Cathy M. Garrett**

Plaintiff has also sued Defendant Laura A. Cook, Assistant Attorney General, in both her individual and official capacity. Claims against her in her official capacity are barred by the Eleventh Amendment. *Pennhurst v. State School & Hosp. v. Halderman*, 465 U.S. 89, 99-101 (1984) (citing *Ford Motor Co. v. Dep't of Treasury*, 323 U.S. 459, 464 (1945) (the Eleventh Amendment bars a suit against state officials when "the state is the real, substantial party in interest)).

Plaintiff's claim against Defendant Cook in her individual capacity are barred by the doctrine of absolute prosecutorial immunity. The United States Supreme Court has extended absolute immunity to shield prosecuting attorneys who are sued under 42 U.S.C. § 1983 for alleged deprivations of constitutional rights committed in performing their prosecutorial functions. *Imbler v. Pachtman*, 424 U.S. 409, 427-28 (1976). The *Imbler* Court noted that those activities "intimately associated with the judicial phase of the criminal process, and thus [are] functions to which the reasons for absolute immunity apply with full force." *Id.* at 430. Moreover, "[a]bsolute prosecutorial immunity is not defeated by a showing that the prosecutor acted wrongfully or even maliciously," or "the decision to prosecute . . . 'even if malicious and founded in bad faith, is unquestionably advocatory and at the heart of the holding in *Imbler*.'" *Grant v. Hollenbach*, 870 F.2d 1135, 1138 (6th Cir.1989). In this case Defendant Cook is entitled to absolute prosecutorial immunity as a matter of law.

Whether Defendant Abdullah, the Judge's court reporter, also enjoys quasi-judicial immunity is less obvious. In *Antoine v. Byers & Anderson*, 508 U.S. 429 (1993), the Supreme Court held that court reporters are not entitled to absolute, quasi-judicial immunity, based on the fact that their

duties are ministerial, not discretionary in nature. *Id.* at 436-437 (citing *McLallen v. Henderson*, 492 F.2d 1298, 1299 (8th Cir. 1974)). However, when a court reporter acts at the direction of a judge, he or she is protected by qualified immunity. *Green v. Maraio*, 722 F.2d 1013, 1018 (2nd Cir. 1983) (the court reporter acted pursuant to [] explicit instructions and thus is immunized from liability under section 1983 by the defense of qualified immunity for actions carried out within the scope of those instructions). *See also, James v. Scavoni*, 229 F.3d 1152 (Table) (6th Cir. 2000) (citing *Green*, 722 F.2d at 1018-19); *Hargis v. Jones*, 986 F.2d 1421 (Table) (6th Cir.1993) (the court reporter is being sued in his capacity as an individual carrying out a judicially-directed function and is therefore immune from suit in this context).

Likewise, in this case, because Plaintiff alleges that Defendant Abdullah's actions were carried out in furtherance of a conspiracy directed by Judge Townsend, qualified immunity is available. *See Snyder v. Nolen*, 380 F.3d 279, 287 (7th Cir. 2004) ("[W]hen functions that are more administrative in character have been undertaken pursuant to the explicit direction of a judicial officer, we have held that [the] officer's immunity is also available to the subordinate"). Accordingly, claims against Defendant Abdullah should be dismissed. *Lyle v. Jackson*, 49 Fed. App'x 492, 494 (6th Cir. Sept. 17, 2002) (quasi-judicial immunity applied to claims against state court clerks who allegedly failed to provide prisoner with requested copies of previous filings and transcripts); *Sharp v. Traynor*, 114 F.3d 1188 (6th Cir. 1997) (court reporter was entitled to immunity under Mich. Comp. Laws § 691.1407(2) as long as the reporter was acting within the scope of his authority and his conduct did not amount to gross negligence).

Additionally, Plaintiff's suit for monetary damages against Defendant, Clerk of the Wayne

County Circuit Court, Cathy M. Garrett, must also be dismissed on the grounds of quasi-judicial immunity.  In *Smith v. Shelby County, Tenn.*, 3 Fed.App'x. 436, 437-38 (6th Cir. 2001), the Sixth Circuit held that a county court clerk was protected by absolute quasi-judicial immunity in a § 1983 action in which a state prisoner alleged that the clerk had violated his rights by delaying adjudication of his petition for post-conviction relief and motion to set aside guilty pleas.  Similarly, here, the Court finds that Defendant Garrett would be protected by absolute quasi-judicial immunity for monetary damages for any failure to timely provide plaintiff with a copy of the transcript from the *Walker* hearing.

Plaintiff's claim against Defendant Garrett fails for another reason.  To establish an access to the courts violation under § 1983, a plaintiff must prove that the violation was intentional, not merely negligent.  *See Wojnicz v. Davis*, 80 Fed.App'x. 382, 384 (6th Cir. 2003); *Garrison v. Corr*, 26 Fed.App'x. 410, 411 (6th Cir. 2001).

In the present case, Plaintiff's allegations, at best, establish merely that Defendant Garrett may have been negligent in failing to send him a copy of the *Walker* hearing transcript.  Except for Plaintiff's "empty allegations," he has presented no evidence that Defendant Garrett acted deliberately or maliciously in failing to provide him a copy of that transcript.  *See Kampfer v. Vonderheide*, 216 F.Supp.2d 4, 7 (N.D.N.Y. 2002). Conclusory, unsupported allegations of a constitutional deprivation do not state a § 1983 claim.  *Johnson v. Freeburn*, 29 F.Supp.2d 764, 767 (E.D.Mich. 1998).  Plaintiff's claim against Defendant Garrett is therefore subject to dismissal.

### D.     Claim Against Attorney David R. Cripps

Plaintiff's claim against Attorney Cripps must also be dismissed for failure to state a claim. A complaint may be dismissed for failure to state a claim if it fails to give the defendant fair notice of what the claim is and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 561-62 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). The standard requires that a "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Glassner v. R.J. Reynolds Tobacco Co.*, 223 F.3d 343, 346 (6th Cir. 2001). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555-56; *Lewis v. ACB Business Serv., Inc.*, 135 F.3d 389, 405 (6th Cir. 1998) (holding that a court need not accept as true legal conclusions or unwarranted factual inferences). *Twombly* was reaffirmed in *Ashcroft v. Igbal*, ___U.S. ___, 129 S.Ct. 1937, 1953 (2009) ("Our decision in *Twombly* expounded the pleading standard for 'all civil actions,' . . . ."). The Court must determine whether the complaint contains enough facts to state a claim to relief that is plausible on its face. *Twombly*, 550 U.S. at 571.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

**1.     State Actor**

As stated above, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law to state a claim under 42 U.S.C. § 1983. *See West*, 487 U.S. at 48; *Street*, 102 F.3d at 814. In order for a private party's conduct to be under color of state law, it must be "fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982); *Street*, 102 F.3d at 814. There must be "a sufficiently close nexus between the State and the challenged action of [the defendant] so that the action of the latter may be fairly treated as that of the State itself." *Skelton v. Pri-Cor, Inc.*, 963 F.2d 100, 102 (6th Cir. 1991) (citing *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974)).

Plaintiff cannot show that Attorney Cripps acted under color of state law. In *Polk County v. Dodson*, 454 U.S. 312 (1981), the Supreme Court held that defense counsel perform a private, not an official, function:

> In our system[,] a defense lawyer characteristically opposes the designated representatives of the State. The system assumes that adversarial testing will ultimately advance the public interest in truth and fairness. But it posits that a defense lawyer best serves the public, not by acting on behalf of the State or in concert with it, but rather by advancing "the undivided interest of his client." This is essentially a private function, traditionally filled by retained counsel, for which state office and authority are not needed.

454 U.S. at 318-19 (footnotes omitted). The *Polk County* Court further held that this is true even of the state-appointed and state-paid public defender. *Id.* at 321. That Court said that, once a lawyer undertakes the representation of an accused, the duties and obligations are the same whether the lawyer is privately retained, appointed, or serves in a legal aid or defender program. *Id.* at 323. The *Polk County* Court held that, even though a public defender is paid by the state, he or she does not

8

act under color of state law in representing the accused. *Id.* at 325. Rather, defense counsel, whether privately retained or paid by the state, acts purely on behalf of the client and free from state control. *Id.* The Sixth Circuit has adhered to the holding in *Polk County* in numerous unpublished decisions. *See*, e.g., *Carswell v. Hughes*, 215 F.3d 1325 (Table) (6th Cir. May 9, 2000); *Blake v. Kane*, 208 F.3d 212 (Table) (6th Cir. Mar. 14, 2000); *Rodgers v. Stacey*, No. 99-3408, 2000 WL 190100, at *1 (6th Cir. Feb. 7, 2000); *Watson v. Carreer*, 202 F.3d 271 (Table) (6th Cir. Dec. 27, 1999); *Pagani-Gallego v. Escobedo*, 149 F.3d 1184 (Table) (6th Cir. June 23, 1998); *Carson v. Giovanni*, 860 F.2d 1078 (6th Cir. Oct.14, 1988). Accordingly, Attorney Cripps did not act under color of state law, and, thus, no claim under § 1983 can be maintained against him.

**E.     *Heck* Bar**

Additionally, Plaintiff's claims are barred by the *Heck v. Humphrey*, 512 U.S. 477 (1994) doctrine. While Plaintiff declares that he is not challenging his convictions or sentence, his allegations clearly call into question his convictions and sentences. The crux of Plaintiff's argument is that he was unconstitutionally charged. A challenge to the fact or duration of confinement should be brought as a petition for habeas corpus and is not the proper subject of a civil rights action brought pursuant to Sections 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) (the essence of habeas corpus is an attack by a person in custody upon the legality of that custody and the traditional function of the writ is to secure release from illegal custody). Therefore, to the extent that Plaintiff's complaint challenges the fact or duration of his incarceration, it must be dismissed. *See Barnes v. Lewis*, 12 F.3d 211 (6th Cir. Dec. 10, 1993) (dismissal is appropriate where § 1983 action seeks equitable relief and challenges fact or duration of confinement); *see also Moore v. Pemberton*, 110 F.3d 22, 23-24 (7th Cir. 1997) (reasons for not construing a § 1983 action as one seeking habeas

relief include potential application of *Heck v. Humphrey*, 512 U.S. 477 (1994)).

To the extent Plaintiff seeks monetary relief for alleged violations of Constitutional rights, his claim is barred by *Heck*. *Heck*, 512 U.S. at 486-87. In *Heck*, the Supreme Court held that a state prisoner cannot make a cognizable claim under § 1983 for an alleged unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless a prisoner shows that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-87 (footnote omitted). Thus, Plaintiff's claims under 42 U.S.C. § 1983 are barred under *Heck* until his criminal convictions have been invalidated.

### F. Plaintiff's Claims Are State Law Claims

To the extent that Plaintiff asserts claims of fraud, misrepresentation, legal malpractice and negligence, those claims arise solely under state law. Section 1983 does not provide redress for a violation of a state law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir.1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir.1994). The Sixth Circuit has stated that district courts should generally decline to exercise supplemental jurisdiction over state law claims under these circumstances. *See Landefeld v. Marion Gen. Hosp.*, 994 F.2d 1178, 1182 (6th Cir.1993); *Hawley v. Burke*, 149 F.3d 1183 (6th Cir. June 18, 1998).

## III. CONCLUSION

For the reasons stated, **IT IS ORDERED** that the claim against The Honorable Leonard Townsend is dismissed on the basis of judicial immunity;

**IT IS FURTHER ORDERED** that the claim against Assistant Attorney General Laura A.

Cook is dismissed on the basis of prosecutorial immunity;

**IT IS FURTHER ORDERED** that the claims against Wayne County Clerk Cathy M. Garrett and Court Reporter Wylene Abdullah are dismissed on the basis of qualified and quasi-judicial immunity;

**IT IS FURTHER ORDERED** that the claim against David R. Cripps is dismissed for failure to state a claim under 42 U.S.C. § 1983.

Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's federal civil rights complaint. The Court declines to exercise jurisdiction over his state law claims. Additionally, the Court concludes that an appeal from this order would be frivolous and therefore cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *see also McGore*, 114 F.3d at 610-11.

S/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  July 13, 2009

### CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on July 13, 2009.

S/Denise Goodine
Case Manager